UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

    -against-

LUIS AGUSTIN CAICEDO VELANDIA,

              Defendant.
------------------------------------------------------------x

MEMORANDUM & ORDER
10-CR-00288-01

GLASSER, Senior United States District Judge:

On August 14, 2019, the Court received a letter from Alan Feuer, a journalist for the New York Times, seeking to unseal all docket entries and substantive filings pertaining to the criminal prosecution of Defendant Luis Agustin Caicedo Velandia.[1]  (ECF No. 163 at 1).  At the government's request, on September 3, 2019, the Court ordered unsealed the text of certain docket entries, but kept the contents of those filings sealed.  (ECF No. 165).  After conferring with the government and Caicedo, Feuer narrowed his request to just five documents: (1) Caicedo's sentencing memorandum (ECF No. 156); (2) the government's sentencing memorandum (ECF No. 166-1, "5K1.1 Letter"[2]); (3) the transcript of Caicedo's sentencing hearing; (4) the transcript of Caicedo's guilty plea; and (5) Caicedo's cooperation agreement.  (*See* 9/18/19 Tr. 2–4).  As set forth below and in the accompanying "Sealed Statement of Reasons," except for the cooperation agreement, the requested documents are ordered unsealed, with redactions.

---

[1] The Court construes Feuer's letter as a motion to intervene, which is granted for the limited purpose of ruling on his motion to unseal.  *See United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) ("such motions are common in this Circuit to assert the public's First Amendment right of access to criminal proceedings").

[2] Before a scheduled hearing on Feuer's motion, the government publicly filed a redacted version of the 5K1.1 Letter.  (ECF No. 166-1).

1

## BACKGROUND

In 2010, Caicedo was arrested in Argentina and extradited to the United States, where he faced criminal charges before this Court and the Court of the Middle District of Florida, *United States v. Caicedo-Velandia*, No. 08-CR-00152 (M.D. Fla.). In 2011, he pleaded guilty to multiple drug-related offenses in the Florida Court. In 2013, he pleaded guilty in this Court to one count of conspiracy to launder money.

For an unknown reason, numerous documents in the Middle District of Florida proceeding were publicly filed, including Caicedo's sentencing transcript. (*See* ECF No. 170-2). These filings reveal Caicedo's cooperation and substantial assistance "in the investigation and prosecution of other individuals." *Caicedo-Velandia*, No. 08-CR-00152, ECF No. 58 at 1. Through this lens, colored by the wealth of information already available concerning Caicedo's cooperation, the Court now considers Feuer's motion to unseal.[3]

On September 11, 2019, the Court issued a notice of hearing on Feuer's motion. (9/11/19 Electronic Order). That hearing was held on September 18, 2019, in open court, with the government, Caicedo, and Feuer present. (ECF No. 168). There, the Court noted that further *in camera* proceedings were required to consider any compelling interests that warrant continued sealing. (9/18/19 Tr. 5). Accordingly, the Court met with the government and Caicedo's counsel *in camera* on three separate occasions: September 26, November 1, and November 15.

---

[3] The Court assumes familiarity with Caicedo's criminal cases, which are detailed in Feuer's letter. (ECF No. 163).

## DISCUSSION

I. **Procedures for Adjudicating Feuer's Motion to Unseal**

The law of sealing and unsealing is extensive and largely well-settled. Succinctly stated: the public has a qualified right to access judicial documents under the common law and the First Amendment. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history."); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004) (recognizing a qualified First Amendment right). Because neither party disputes that the records at issue are judicial documents that enjoy a right of access under either theory, the presumption of access can only be overcome "by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Lugosch*, 435 F.3d at 126. Such higher values include "privacy interests of the defendant, victims or other persons[;] the integrity of significant government activities entitled to confidentiality, such as ongoing undercover investigations or detection devices[;] and danger to persons or property." *United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995) (internal citations omitted). The party opposing access bears the burden of demonstrating that compelling interests warrant continued sealing. Given the constitutional and common law dimensions at issue, that "burden is a heavy one." *In re Application to Unseal 98 Cr. 1101(ILG)*, 891 F. Supp. 2d 296, 299 (E.D.N.Y. 2012).

Where an intervenor moves to unseal judicial documents whose contents, "on their face," weigh in favor of sealing, a court may evaluate the documents *in camera* with the interested parties. *In re Applications to Unseal 98 CR 1101(ILG)*, 568 Fed. App'x 68, 70 (2d Cir. 2014). As intervenors must be excluded from these proceedings, the Court recognizes that the public is at a disadvantage. However, the Court takes seriously its obligation to ensure that every sealed

document—or any redacted word—is justified by something more than a "[b]road and general" appeal to safety, security, or the like. *Lugosch*, 435 F.3d at 120 (citation omitted). In doing so, the Court considers whether, under the circumstances of the case, prejudice to a compelling interest overrides the qualified right of access. *Doe*, 63 F.3d at 128. The more disclosure "allows the public to understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern," the stronger the public's right of access. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016).

## II. Feuer's Motion to Unseal

Over three *in camera* conferences, the parties agreed to: (1) unseal, without redaction, the transcript of Caicedo's guilty plea; (2) unseal, with redactions, Caicedo's sentencing memorandum and transcript; and (3) keep the cooperation agreement unfiled.[4]

### A. Specific Justifications Warrant Unsealing Documents With Redactions

The parties have submitted redacted versions of Caicedo's sentencing memorandum, the 5K1.1 Letter, and the transcript of Caicedo's sentencing. After careful review, the proposed redactions are necessary to protect compelling interests. Those interests are summarized briefly below and analyzed more specifically in the Sealed Statement of Reasons. *See Aref*, 533 F.3d at 82 ("while the findings must be made on the record for [appellate] review, such findings may be entered under seal, if appropriate" (citation and internal quotation marks omitted)).

First, the documents contain information that, if made public, would place certain individuals in danger. Caicedo's criminal case involves notoriously violent international drug

---

[4] As noted above, the government publicly filed a redacted version of the 5K1.1 Letter prior to the *in camera* conferences. However, the government has since justified each redaction.

traffickers. (*See* ECF No. 166 at 2 (describing recent murder of suspected informant in Colombia)). In such instances, courts routinely permit the continued sealing of information when its release threatens the safety of those involved. *See Doe v. Lerner*, 688 Fed. App'x 49, 50 (2d Cir. 2017); *United States v. Armstrong*, 185 F. Supp. 3d 332, 336 (E.D.N.Y. 2016); *United States v. Loera*, No. 09-CR-466 (BMC), 2018 WL 5906846, at *5 (E.D.N.Y. Nov. 11, 2018); *Walker v. City of New York*, No. 15 CV 500 (NG) (ST), 2017 WL 2799159, at *6 (E.D.N.Y. Jun. 27, 2017); *United States v. Doe*, No. 14-CR-438 (PKC), 2014 WL 11515832, at *2 (E.D.N.Y. Oct. 30, 2014).

Second, the documents contain information that implicates law enforcement interests, including information that may identify the target, subject or status of a particular government investigation. *See Doe*, 2014 WL 11515832, at *2; *Strauss v. Credit Lyonnais, S.A.*, Nos. 06-CV-702, 07-CV-914 (DLI) (MDG), 2011 WL 4736359, at *6–7 (E.D.N.Y. Oct. 6, 2011); *United States v. Strevell*, No. 05-CR-477 (GLS), 2009 WL 577910, at *4 (N.D.N.Y. Mar. 4, 2009) ("some law enforcement interests are routinely accepted as higher values and countervailing factors" (collecting cases)).

Third, the documents implicate the privacy interests of Caicedo or third parties with no public ramifications. *See Strevell*, 2009 WL 577910, at *4 ("Numerous courts have found privacy interests worthy of protection such as business and financial records, account information, personal identifiers, third-party letters of support, and family matters such as medical conditions or embarrassing conduct with no public ramifications." (collecting cases)).

In light of these reasons, the government and Caicedo have met their burden of demonstrating that their proposed redactions are necessary and narrowly tailored.

## B. The Cooperation Agreement Is Not A Judicial Document

There is no presumption of access to the cooperation agreement because it is not a judicial document. To qualify as a judicial document, it must be "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (citation and internal quotation marks omitted). A document is "relevant to the performance of the judicial function if it would reasonably have the *tendency* to influence a district court's ruling on a motion . . . without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (citation and internal quotation marks omitted).

A cooperation *agreement* is best understood as a contract between the cooperator and the government. *See United States v. Rexach*, 896 F.2d 710, 713 (2d Cir. 1990) (interpreting agreement according to contract law principles). Unlike a plea agreement, however, it does not require acceptance by or approval of the Court. *See* Fed. R. Crim. P. 11(c)(2)–(5). The government does not customarily file cooperation agreements in this District, nor did it do so here. The agreement in this case served as an investigative tool for the government, not a judicial document.[5]

The same cannot be said for a motion made by the government under U.S.S.G. § 5K1.1 after a defendant has performed under a cooperation agreement. A 5K1.1 motion provides the court with important details of a defendant's cooperation that are not contained in the agreement. Unlike an agreement, a 5K1.1 motion *is* relevant to the performance of a judicial function—

---

[5] This is not to say that a cooperation agreement may never be a judicial document. In certain instances, cooperation agreements are central to the judicial process. For example, in *Rexach*, the district court was tasked with interpreting the terms of a cooperation agreement. 896 F.2d at 713–15. No one could seriously dispute that the agreement in *Rexach* was a judicial document.

sentencing—and necessarily becomes part of the proceeding. But where, as here, a cooperation agreement is not filed, presented to the Court, or considered in any way, it is not a judicial document.

**CONCLUSION**

For the reasons stated in this Memorandum and Order and the Sealed Statement of Reasons:

1. Feuer's motion to unseal is **GRANTED** in part and **DENIED** in part. The motion is granted: (a) without redaction, as to the transcript of Caicedo's guilty plea; and (b) with redactions, as to Caicedo's sentencing memorandum, the 5K1.1 Letter, and sentencing transcript. The motion is denied as to the cooperation agreement. *See* Appendix.

2. The unsealing of these items is **STAYED** for 30 days, and, if any party files a notice of appeal within that time period, the stay is continued until further order from the Court.

SO ORDERED.

Dated: Brooklyn, New York
December 19, 2019

/s/
I. Leo Glasser					U.S.D.J.

# APPENDIX

| Document Requested | Order | Redaction Location |
|---|---|---|
| 5K1.1 Letter | Redact | pp. 3–8 |
| Caicedo's Sentencing Memorandum | Redact | Table of Contents, pp. 1–5, 7–35, Ex. E |
| Sentencing Transcript | Redact | pp. 4, 8, 10–12, 14–15, 19, 21–22, 25, 27, 32, 34, 36 |
| Guilty Plea Transcript | Unseal | None |
| Cooperation Agreement | N/A | N/A |