```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

 - - - - - - - - - - - - - - X

 UNITED STATES OF AMERICA,    : 10-CR-288(
                              : [!JUDGE'S INITIALS])
                              :
                              :
                              :
       -against-              :
                              : United States Courthouse
                              : Brooklyn, New York
                              :
                              :
 LUIS AGUSTIN CAICEDO         : Wednesday, January 23, 2013
 VALENDIA,                    : 2:30 P. M.
                              :
       Defendant.             :
 - - - - - - - - - - - - - - X
```

`*******************************************************************`

**S E A L E D   P R O C E E D I N G S**

`*******************************************************************`

```
          SEALED TRANSCRIPT OF CRIMINAL CAUSE FOR PLEA
              BEFORE THE HONORABLE LEO I. GLASSER
            UNITED STATES SENIOR DISTRICT COURT JUDGE

                      A P P E A R A N C E S:


For the Government:  LORETTA E. LYNCH, ESQ.
                        United States Attorney
                        Eastern District of New York
                         271 Cadman Plaza East
                         Brooklyn, New York 11201
                     BY: SOUMYA DAYANANDA, ESQ.
                         Assistant United States Attorney

 For the Defendant:   LOUIS I. GUERRA, ESQ.


Court Reporter:  Richard W. Barry, RPR
                 Official Court Reporter
                 E-mail: rwbarrycourtreporter@gmail.com
       Proceedings recorded by computerized stenography.
       Transcript produced by Computer-aided Transcription.
```

- SEALED - PLEA -                                                         2

1  COURTROOM DEPUTY:  Criminal cause for plea, the
2  United States versus Luis Agustin Caicedo Velendia, please
3  come forward.
4      MS. DAYANANDA:  Afternoon Your Honor.
5      COURTROOM DEPUTY:  Counsel please state your
6  appearances for the record.
7      MS. DAYANANDA:  Soumya Dayananda for the government.
8      MR. GUERRA:  Afternoon, Louis Guerra on behalf of
9  Mr. Velendia, who I believe is in the lock up.
10     THE COURT:  Afternoon.
11     MR. GUERRA:  Here is the original.
12     MS. DAYANANDA:  I have to sign it.
13     THE COURT:  Are you ready to proceed?
14     MR. GUERRA:  I'm sorry.
15     THE COURT:  Are you ready to proceed?
16     MR. GUERRA:  Yes, sir.
17     THE COURT:  Do I understand that your client wishes
18 to withdraw a previously entered plea of not guilty and plead
19 to count one of an indictment?
20     MR. GUERRA:  That's correct, Your Honor.
21     THE COURT:  Will you swear the defendant.
22 LUIS   AGUSTIN   CAICEDO   VALENDIA , having been first duly
23 sworn, with the aide of the Interpreter, testified as follows:
24     THE COURT:  Mr. Velendia, you just swore to tell the
25 truth, so everything you are going to say to me this afternoon

1  must be truthful, if you don't want to commit another crime,
2  which is to tell a lie after you swore to tell the truth, that
3  is a crime.
4            Do you understand that?
5            THE DEFENDANT:  Yes, sir.
6            THE COURT:  How old are you?
7            THE DEFENDANT:  46 years old.
8            THE COURT:  Are you currently being treated by a
9  doctor?
10           THE DEFENDANT:  Yes, sir.
11           THE COURT:  For what?
12           THE DEFENDANT:  Well, it is just a regular checkups.
13           THE COURT:  Have you taken any medicines or pills or
14 drugs of any kind within the past day or so?
15           THE DEFENDANT:  No, sir.
16           THE COURT:  Have you ever been treated for or
17 hospitalized for any mental or emotional illness?
18           THE DEFENDANT:  No, sir.
19           THE COURT:  How a far have you gone in school, Mr.
20 Velendia?
21           THE DEFENDANT:  High school.
22           THE COURT:  Do you understand why you are here?
23           THE DEFENDANT:  Yes, sir.
24           THE COURT:  Have you understood everything I have
25 said to you so far?

1  THE DEFENDANT: Yes, sir.
2  THE COURT: Mr. Guerra, do you have any questions
3  about the competence of your client to participate in these
4  proceedings?
5  MR. GUERRA: No, sir.
6  THE COURT: I will make a finding to that effect.
7  Mr. Velendia, I am told that you want to plead to a
8  charge, which reads:
9  That on or about and between January 1st, of 2002
10 and June 7th of 2010, those dates being approximate and
11 inclusive, and within the territorial jurisdiction of the
12 United States, you, Luis Augustin Caicedo Velendia, also known
13 as Don Lucho; Julio Lozano Pirateque, also known as Don Julio,
14 Don Jota, and Patico; Claudio Javier Silva Otalora, also known
15 as Patron and Vendedor; and Daniel Barrera Barrera, also known
16 as Loco Barrera, together with others, knowingly and
17 intentionally conspired to conduct financial transactions
18 affecting interstate and foreign commerce, mainly the transfer
19 and delivery of the United States currency, which involved the
20 proceeds of narcotics trafficking, in violation of the United
21 States laws, and knowing that the property involved in the
22 delivery and transfer of United States money represented the
23 proceeds of some form of unlawful activity, and all with the
24 intent to promote the carrying on of the specified unlawful
25 activity, in violation of the United States laws and knowing

1  that the financial transactions involving the United States
2  currency were designed in whole and in part to conceal and
3  disguise the nature, the location, the source, ownership and
4  control of the proceeds specified unlawful activity in
5  violation of the United States laws.
6         You have discussed that charge in some detail with
7  your lawyer?
8         THE DEFENDANT: Yes, Your Honor.
9         THE COURT: Do you understand what it is that you
10 are charged with?
11        THE DEFENDANT: Yes, Your Honor.
12        THE COURT: I understand, you want to plead guilty
13 to that charge Mr. Velendia and before I can accept your plea,
14 the law requires me to make sure that you understand the
15 variety of rights that you have, as you stand here this
16 afternoon, and I am going to try to explain them to you.
17        If there is anything that I explain that you don't
18 understand, don't hesitate to tell me. I will try to go over
19 it with you again or ask your lawyer to explain it to you.
20        Do you understand all that?
21        THE DEFENDANT: Yes, Your Honor.
22        THE COURT: First thing I want to make sure you
23 understand, Mr. Velendia, is that you have a right to say to
24 me this afternoon, that you are not guilty of the charge that
25 I just read and to all the other charges in which you are

named in this superseding indictment.

And if you tell me as you have a right to, that you are not guilty of the crimes of which you are charged, there will be a public trial. It will be a trial to a jury. It will be a trial that will be held within the time the law requires trials to be held. You will be represented by your lawyer at that trial and at that trial, you maybe presumed innocent of the crimes with which you are charged.

Which means, that you would not have to prove your innocence, you would not have to prove anything. The government would have to prove your guilt. The government would have to prove that you committed the crimes with which you are charged, and committed them so that a unanimous jury of twelve people would be satisfied beyond a reasonable doubt that you committed those crimes.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: At that trial, you would have the right to face your accusers, see who the witnesses against you would be.

Your lawyer would have the right to cross examine those persons for you and he would have the right to object to any evidence which he believes the Court shouldn't hear.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

1  THE COURT: At that trial, you could if you wanted
2  to, testify under oath for yourself. You could have witnesses
3  appear to testify for you. You could offer such evidence at
4  your trial as you think might be useful to you, but you
5  needn't do any of those things. You have a right to remain
6  silent at your trial, say nothing and do nothing.
7  And if you did remain silent, at your trial, and did
8  nothing else, I would instruct the jury that they must not
9  infer that you are guilty because you are not saying anything.
10  Offered no evidence on your behalf.
11  I would instruct the jury that the constitution of
12  the United States gives you that right, the right to remain
13  silent for a variety of reasons.
14  Do you understand all that?
15  THE DEFENDANT: Yes, Your Honor.
16  THE COURT: If you plead guilty this afternoon, and
17  if I accept your plea, you will be giving up all these rights
18  that I just explained to you. There will not be a trial, the
19  government will not be called upon to prove that you committed
20  the crimes with which you are charged, to the satisfaction of
21  the unanimous jury beyond a reasonable doubt. You will not
22  have had the opportunity to see who the witnesses against you
23  would have been.
24  A finding of guilt will be entered this afternoon
25  and you will be sentenced on another day.

                    Do you understand that?

                    THE DEFENDANT:  Yes, Your Honor.

                    THE COURT:  If you were listening carefully, Mr. Velendia, you would have heard me say, a minute or so ago, that if you plead guilty, and if I accept your plea, and what I had in mind when I said that, was the laws' requirement that I be certain that the person who tells me he is guilty, in fact is.

                    And I'm going to ask you some questions about the crime you are charged with, that I read to you a few minutes ago and to the extent that you answer those questions, you will be giving up your right to remain silent that I have explained to you awhile ago.

                    Do you understand that?

                    THE DEFENDANT:  Yes, Your Honor.

                    THE COURT:  Did your lawyer tell you that the maximum sentence for the law that you are charged with violating, provides for imprisonment for up to twenty years. Did he tell you that?

                    THE DEFENDANT:  Yes, Your Honor.

                    THE COURT:  Did he also tell you that in addition to any term of imprisonment, the Court could add a period of supervised release, of up to three years.

                    THE DEFENDANT:  Yes, Your Honor.

                    THE COURT:  Did your lawyer explain to you what

1 supervised release means?

2 THE DEFENDANT: Yes, Your Honor.

3 THE COURT: Do you believe you understand it?

4 THE DEFENDANT: Yes, Your Honor.

5 THE COURT: Would you like me to explain it to you
6 as well or do you think you understand it well enough so that
7 I needn't explain it?

8 THE DEFENDANT: Yes, I understood Your Honor.

9 THE COURT: And, did Mr. Guerra also tell you, you
10 could be find up to $500,000 or twice the value of the money
11 that was laundered, did he tell you that?

12 THE DEFENDANT: Yes, Your Honor.

13 THE COURT: Did Mr. Guerra would have to prove also
14 tell you that regardless of what the sentence is, you will be
15 required to pay what has been referred to as a special
16 assessment of $100, it is mandatory.

17 THE DEFENDANT: Yes, Your Honor.

18 THE COURT: Were you also told that you will be
19 required to forfeit the proceeds of your illegal activity?
20 Were you told that?

21 THE DEFENDANT: Yes, Your Honor.

22 THE COURT: You understand what that means?

23 THE DEFENDANT: Yes, Your Honor.

24 THE COURT: Were you also told that the likelihood,
25 is significant that after your sentence has been served, you

1  will be deported.

2  THE DEFENDANT: Yes, Your Honor.

3  THE COURT: Did Mr. Guerra also talked to you about
4  something that he probably referred to as guidelines.

5  THE DEFENDANT: Yes, Your Honor.

6  THE COURT: He told you that, your sentence will be
7  determined in part by the advice that I will be getting from a
8  book called the United States sentencing guidelines. Did he
9  tell you that that book would advise me of what your sentence
10 should be, within a certain minimum amount of months and
11 maximum amount of months, did he explain that to you?

12 THE DEFENDANT: Yes, Your Honor.

13 THE COURT: Was some prediction made, estimate given
14 to you as to what those guidelines might be?

15 THE DEFENDANT: Yes, Your Honor.

16 THE COURT: I want to tell you Mr. Velendia, that
17 what you were told about what the guidelines might advise the
18 Court, is not binding on me. It was just an educated guess, a
19 prediction based on what was known about you at the time you
20 were told that. I don't know what the guidelines will advise,
21 nor will I know what your sentence will be until after I have
22 had an opportunity to read a presentence report and consider
23 such other matters as maybe brought before me at the time of
24 sentence.

25 You know what a presentence report is, Mr. Velendia?

1   THE DEFENDANT:  Yes, Your Honor.
2   THE COURT:  If the sentence which is imposed is
3   higher than what has been predicted for you, and you are
4   understandably unhappy about that, you wouldn't be permitted
5   to withdraw the plea that you enter here this afternoon.  Do
6   you understand that?
7   THE DEFENDANT:  Yes, Your Honor.
8   THE COURT:  Do you have any questions about anything
9   that I have explained to you so far?
10  THE DEFENDANT:  No, Your Honor.
11  THE COURT:  Mr. Guerra, are you aware of any reasons
12  why Mr. Velendia shouldn't plead to count one of the
13  superseding indictment today?
14  THE DEFENDANT:  No, sir.
15  THE COURT:  Mr. Velendia, how do you plead to that
16  charge of money laundering or conspiracy to commit money
17  laundering that I read to you a few minutes ago, do you plead
18  guilty or not guilty?
19  THE DEFENDANT:  Guilty.
20  THE COURT:  Are you telling me that voluntarily?
21  THE DEFENDANT:  Yes, Your Honor.
22  THE COURT:  Nobody is forcing you to say that here
23  today, are they?
24  THE DEFENDANT:  No, sir.
25  THE COURT:  And you are telling me, you are guilty,

- SEALED - PLEA -  12

1  in consideration of an agreement that you entered into with
2  the government?
3      THE DEFENDANT:  No, sir.
4      THE COURT:  You did enter into an agreement with the
5  government?
6      THE DEFENDANT:  Yes, sir.
7      THE COURT:  And it is in connection with that
8  agreement that you are pleading guilty here today; is that
9  right?
10     THE DEFENDANT:  Yes, sir.
11     THE COURT:  You went over that agreement with your
12 lawyer?
13     THE DEFENDANT:  Yes, sir.
14     THE COURT:  Would you like me to go over it with you
15 as well?
16     THE DEFENDANT:  No, sir.
17     THE COURT:  There are a few things that I just want
18 to make sure that is correct.  You stipulated, which means
19 that you have agreed, that the guideline calculation will be
20 based upon four hundred million dollars. You understand that
21 and you agree to that?
22     THE DEFENDANT:  Yes, sir.
23     THE COURT:  And Mr. Guerra, has discussed with you,
24 in some detail, the immigration problems that you may have as
25 a result of your pleading guilty here today?

1  THE DEFENDANT: Yes, sir.
2  THE COURT: And you are satisfied with the
3  representation that you have been receiving from Mr.
4  Government would have to prove?
5  THE DEFENDANT: Yes, sir.
6  THE COURT: I want to show you the last page of this
7  agreement that you entered into. Do you recognize any
8  signature on that page.
9  THE DEFENDANT: Yes, sir.
10  THE COURT: Whose signature do you recognize?
11  THE DEFENDANT: Mine.
12  THE COURT: Before you signed your signature on that
13  page, did you read or did your-- did the interpreter or
14  somebody interpret for you what was written immediately above
15  your signature?
16  THE DEFENDANT: Yes, sir.
17  THE COURT: What was immediately above your
18  signature, was interpreted for you to read that, you have read
19  the entire agreement? You discussed it with your lawyer, you
20  understood all of its terms and you have entered into this
21  agreement knowingly and voluntarily?
22  THE DEFENDANT: Yes, Your Honor.
23  THE COURT: You certified to all of that at the time
24  you put your signature to this page; is that right?
25  THE DEFENDANT: Yes, Your Honor.

1    THE COURT: Has anybody made any promises to you as
2    to what your sentence will be?
3    THE DEFENDANT: No, Your Honor.
4    THE COURT: I think I told you, I don't know what
5    your sentence will be, Mr. Velendia, anybody has made any
6    promises to you, they would be misleading you. Do you
7    understand that?
8    THE DEFENDANT: Yes, Your Honor.
9    THE COURT: Now, the charge which I have read to
10   you, is the charge of conspiracy. Had you gone to trial, Mr.
11   Velendia, the government would have had to prove two things,
12   before a jury would be justified in finding you guilty.
13   The government would have to prove that there was a
14   conspiracy as charged and that you were a member of that
15   conspiracy and you became a member of it knowingly, and
16   voluntarily.
17   So the government would have to prove two things,
18   the government would have to prove first, that there was a
19   conspiracy and second, that you were a party to it.
20   A conspiracy Mr. Velendia is very simply defined as
21   an agreement. That is the key, the heart of a conspiracy. An
22   agreement between two or more people, you being one of them,
23   to commit a crime.
24   When I say the government would have to prove that
25   there was an agreement between you and one or more of the

1  other persons whose names I have read to you.  I don't mean to
2  suggest that the government would have to prove that you
3  signed a written contract to launder money.  It would be
4  enough if the government had satisfied the jury, that you and
5  one or more other persons had a meeting of the minds, common
6  understanding, that you were going to launder money.
7           And the second thing the government would have to
8  prove is that you were a party to that agreement, fully
9  understanding what you were agreeing to and agreeing to it
10 voluntarily.
11          So I am going to ask you Mr. Velendia, did you and
12 Julio Pirateque, Claudio Otalora, Daniel Barrera, one or more
13 of the other persons whose names I mentioned, have an
14 agreement, that you would deliver United States currency,
15 money, which the indictment refers to as financial
16 transactions.  Did you agree to these financial transactions,
17 money that you knew came from drug trafficking, and the
18 purpose of that agreement was to promote the drug trafficking
19 activity and you also know that those financial transactions,
20 the monies that were being delivered, were conducted in away
21 to hide where the money came from and who controlled or owned
22 the money, and to hide the fact that the money came from drug
23 trafficking.
24          Did you have such an agreement to do all that, with
25 one or more other persons?

- SEALED - PLEA -    16

1  THE DEFENDANT: Yes, Your Honor.

2  THE COURT: You were a party to that agreement,
3  fully understanding what it was that you were agreeing to.

4  THE DEFENDANT: Yes, Your Honor.

5  THE COURT: And that was between January of 2002, to
6  June of 2010?

7  THE DEFENDANT: Yes, sir.

8  THE COURT: What is this extraterritorial
9  jurisdiction that is referred to Mrs. Dayananda?

10  MS. DAYANANDA: Your Honor, the defendant was the
11  leader of a drug organization based in Columbia, so the money
12  proceeds would come from the general New York City area
13  through Mexico and ended up in Columbia.

14  THE COURT: So this conspiracy, this agreement to
15  launder this money from drug trafficking, involved money that
16  would be traveling from the United States to Columbia or from
17  the United States to Mexico, and then to Columbia; is that
18  correct?

19  THE DEFENDANT: Yes, Your Honor.

20  THE COURT: Is there anything that I have omitted
21  ma'am?

22  MS. DAYANANDA: No, Your Honor.

23  THE COURT: Mr. Guerra?

24  MR. GUERRA: No, sir.

25  THE COURT: Mr. Velendia, has been fully advised. I

1  am satisfied that he pleaded guilty to count one of a
2  superseding indictment, which is 10-CR-288, there is a factual
3  basis of that plea and I will accept it.
4              We will need a date for sentencing.
5              COURTROOM DEPUTY:  May 8th, twelve noon.
6              THE COURT:  Is that date satisfactory?
7              MR. GUERRA:  Yes, Your Honor, thank you.
8              MS. DAYANANDA:  Yes, Your Honor.
9              THE COURT:  Anything else.
10             MS. DAYANANDA:  Not from the government.
11             MR. GUERRA:  Not from the defense either.
12             MS. DAYANANDA:  Thank you, have a good afternoon.
13             THE COURT:  That is-- today's proceeding needn't be
14 sealed?
15             MS. DAYANANDA:  Yes, Your Honor.
16             As for the basis of the plea and the agreement
17 itself, the government would ask that it-- the document remain
18 sealed as well as the proceedings.
19             THE COURT:  Because there is a compelling interest
20 that it should be?
21             MS. DAYANANDA:  Your Honor, the defendant has been
22 and continues to work with the government based on that
23 reason.
24             THE COURT:  So ordered.
25             I take it you want a caveat that a copy of these

- SEALED - PLEA - 18

1  minutes maybe made available to you, or Mr. Guerra, upon
2  request?
3      MS. DAYANANDA: Thank you.
4      MR. GUERRA: Yes.
5      THE COURT: So ordered.
6      MR. GUERRA: Thank you, Your Honor.
7      THE COURT: You're welcome.
8      (Matter concluded.)